WILLIAM W. CONOVER

*v.*

WILLIAM B. GROVER and others.

A first mortgage was given to a building society, and certain shares of stock afterwards surrendered by the mortgagor. The mortgage authorized an insurance of $1,000 on the premises, at the expense of

the mortgagor. A fifth mortgage thereon, given to a married woman, was assigned as collateral security, to three different persons, whose assignments were duly recorded. The third assignee was also the assignee from the lessor of a lease of the premises, executed six days after the bill was filed. A receiver of the rents was appointed, *pendente lite*, on foreclosure of the fifth mortgage.—*Held*,

(1) That neither the mortgagor, nor the third assignee of the fifth mortgage, could attack its assignments on the ground that it had been assigned by a married woman to secure her husband's debts.

(2) That the holder of the first mortgage could only recover the sum due thereon after deducting the withdrawal value of the shares when surrendered.

(3) That he could only recover the premiums paid for insurance to the extent of $1,000.

(4) That the assignees of the fifth mortgage were entitled to be paid in the order in which their several assignments were recorded.

(5) That the rents of the premises accrued since the receiver's appointment, go to him for the benefit of the mortgagees.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. R. Allen Jr.*, for complainant.

*Mr. E. S. Savage*, for William B. Grover.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage given by William B. Grover and wife to Sally A. Grover (upon lands in Monmouth county), dated July 8th, 1876, to secure the payment of $2,000 in three years, with interest semi-annually. The mortgage contains a proviso that, if default be made in payment of the interest for ninety days, the principal shall become immediately due at the option of the mortgagee or her assigns. The mortgagee, with her husband, assigned the mortgage and the bond which it was given to secure, by assignment dated November 11th, 1876, to John A. Worthly and others, to secure to the assignees respectively, certain specified sums of money, amounting in the aggregate to

$1,310.74. The assignment was recorded December 27th, 1876. By another assignment, dated July 16th, 1877, they assigned the bond and mortgage to Grover T. Applegate and Robert Allen Jr., to secure to them respectively the payment of certain sums of money therein specified. That assignment was recorded on the 30th of August, 1877. By a third assignment, dated August 29th, 1877, and recorded on the 20th of September following, they assigned the bond and mortgage to Richard L. Leggett, to secure to him the payment of a sum of money therein mentioned. There are four prior mortgages upon the premises, two of them given to the Red Bank Mutual Building and Loan Association, and assigned to Leggett, August 29th, 1877. By a lease dated August 31st, 1876, William B. Grover, then and still the owner of the mortgaged premises, leased them to Jacob Degeuring for the term of five years, to commence April 1st, 1877, at the yearly rent of $500, payable monthly, in advance.

The bill is filed to foreclose the mortgage to Sally Grover, for principal and interest, on the ground that the interest at the time of filing the bill was in arrear for more than ninety days. The questions presented for decision are: First, in what order the assignees of that mortgage shall be paid out of the proceeds of the sale of the mortgaged premises applicable to it, whether *pro rata*, or, if not, in what order; second, whether Leggett is entitled to recover, under the mortgage to the building and loan association, the full amount of the face value thereof, with interest, or only the amount which he paid therefor, with interest thereon; and, third, whether the rent under the lease for the mortgaged premises, is applicable to the payment of the mortgages (a receiver having been appointed in the cause during its progress), or whether it belongs to Leggett, to whom William B. Grover has assigned the lease.

William B. Grover, by his answer, attacks the assignments of the mortgage given to Sally Grover, upon the

ground that they were made by her to secure her husband's debt, while the mortgage was her separate property. It is obvious that if such objection could be made by her, as, in fact, it could not, it cannot be set up as a defence by William B. Grover. The assignments made by her and her husband are assignments of the bond and mortgage to secure the debts therein mentioned to the assignees. Each assignment is of her whole interest in the bond and mortgage to secure the particular debt or debts mentioned in the assignment. The bond and mortgage, therefore, stand to the assignees as security for their debts in the order of the dates of the assignments, no question of notice being raised.

It appears that the building and loan association mortgages were given to secure loans made upon shares of stock held by the mortgagor in the institution. At the time of the assignment of those mortgages to Leggett, certain of those shares, then of considerable market value, were surrendered by the mortgagor to the association at a price fixed by the by-laws. It is apparent, from the evidence, that the surrender was in satisfaction of so much of the mortgage. The shares of stock were held as collateral to the mortgage. The mortgagor received nothing for the shares on their surrender to the company. The mortgages were, therefore, thus satisfied to the extent of the withdrawal value, as it is called, of the shares. Leggett paid for the mortgages the amount which was due to the association thereon, after crediting the withdrawal value of the shares surrendered. He, of course, is entitled to recover no more under the mortgages than the association would be entitled to recover.

After the filing of the bill, application was made to the court for the appointment of a receiver of the rents, issues and profits of the mortgaged premises, which was granted. The assignment by Grover to Leggett of the lease, was made October 30th, 1877, six days after the bill was filed. The mortgagees are entitled to the rents and profits which

have accrued since the appointment of the receiver, if necessary, for the satisfaction of their mortgages.

The complainant, for his security, obtained insurance against fire, to the amount of $1,500, upon the buildings on the mortgaged premises, for the premium paid for which he claims priority over all the mortgage encumbrances. He holds, by assignment, the first and second mortgages. One of them provides for insurance to the amount of $1,000 as collateral to the mortgage. He is entitled to recover, under that mortgage, a proportionate part (two-thirds) of the premium paid by him. He obtained security to the amount of $1,500, and was authorized, under one of the two mortgages, to obtain such security to the amount of $1,000. The rest of the premium is recoverable, under the mortgage to Sally Grover.

There will be a reference.